WINTERS v. ELLIOTT.

SALE OF LAND. *Verbal contract. Vendor. Vendee.* Vendee filing bill
to rescind verbal contract for sale of land is entitled to recover pur-
chase money paid, with interest from time of payment, also value of
permanent improvements so far as they enhance the value of the land.
The vendor is entitled to rents.

FROM ROBERTSON.

Appeal from the Chancery Court at Springfield.
C. G. SMITH, Ch.

J. E. & E. A. GARNER for complainat.

J. W. JUDD for defendant.

FREEMAN, J., delivered the opinion of the court.

This is a bill filed, to rescind a verbal contract for
purchase of land, by the vendee.    The vendor at the
time of filing the bill was unable to make title.
Part of the purchase price was paid at or about the
time probably, of the purchase.

There is no contest as to the question of the right
to rescind such a contract by either party, or rather
to treat it as void at their option, since the case of
*Biggs* v *Johnson et als*, MSS., Jackson, 1876.

The only question in the case is whether complain-
ant is entitled to interest on his money to be paid
back to him, and from what time, with compensation
for enhancement of value of land by improvements.

We hold he is entitled, under the principle of the above case, to interest from the date of payment.

The contract was made in good faith with the purpose of being carried out.

On rescission the parties should be put where they were when the agreement was made.

As to improvements, we hold there is nothing in the case to take it out of the general rule, that in rescission of such an agreement, improvements put on the land *bona fide* shall be accounted for so far as they have permanently enhanced the value of the land. This is not like the case of *Rainer* v. *Huddleston*, 4 Heis., 225, when the question as stated by the Chief Justice, and which was the only one decided, was "whether a vendee of land by parol, who has failed to comply with his contract, paid no part of the purchase money, and made permanent improvements with notice that the vendor was opposed to the improvements being made, could hold the vendor responsible for the enhanced value of the land." On a bill for the purpose this court decided he could not on the facts of the case. As we have said, no such facts are found in this case.

The decree of the Chancellor will be reversed with costs, and the case be remanded to take an account of purchase money, with value of improvements to the extent of enhanced value of land and rents. . Costs of this and court below to be paid by respondent.